CLD-290                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1899
_____

JOHN ANTHONY VICKERS,
Appellant

v.

RAY CHILDS, Individual capacity; MODELL ROYCE, Individual capacity; DARRYL
JOHNSON, Individual capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-03928)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 3, 2013)
_____

OPINION
_____

PER CURIAM

John Vickers, proceeding pro se, appeals from the District Court's orders granting defendants' motions to dismiss and denying plaintiff's motion for summary judgment. For the reasons set forth below, we will summarily affirm.[1]

## I.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Vickers filed a complaint pursuant to 42 U.S.C. § 1983 requesting money damages and alleging that Defendants violated his constitutional rights by unlawfully detaining him despite a court order prescribing his release. Specifically, Vickers alleged that he was sentenced on or about July 14, 2008 to serve 100 days in a non-custodial program known as "SLAP." When he reported to the Gloucester County jail, however, Vickers was informed that he would not be placed in the SLAP program but rather would serve a custodial sentence. Vickers alleged that he submitted numerous grievances but was incarcerated for 103 days in violation of his Eighth Amendment rights. Defendants moved to dismiss the complaint as barred by the relevant statute of limitations. The District Court granted the motion, and Vickers then appealed.[2]

## II.

We exercise plenary review of the District Court's dismissal of Vickers' claims on statute of limitations grounds under Fed. R. Civ. P. 12(b)(6). Lake v. Arnold, 232 F.3d

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6.

[2] Vickers filed a motion for reconsideration following the dismissal, which the District Court denied. Vickers did not amend his notice of appeal following the denial of his motion for reconsideration, and thus we do not address it here.

2

360, 365 (3d Cir. 2000) (citations omitted). Statutes of limitations are established by state law, and we review the District Court's determinations of state law de novo. See, e.g., Salve Regina Coll. v. Russell, 499 U.S. 225, 231 (1991); Lake, 232 F.3d at 366.

Section 1983 does not contain its own statute of limitations. Rather, a § 1983 claim "is characterized as a personal injury claim and thus is governed by the applicable state's personal injury statute of limitations." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In New Jersey, plaintiffs must file personal injury actions within two years of the accrual date. N.J. Stat. Ann. § 2A:14-2(a) (West 2004). Therefore a § 1983 claim arising in New Jersey will be time-barred if more than two years has passed since its accrual.

While the statute of limitations is governed by state law, the date of accrual is a question of federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007). It is well-settled that "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (internal quotation marks and citations omitted).

If a plaintiff seeks damages attributable to an unconstitutional conviction or sentence, a § 1983 cause of action does not accrue until the conviction or sentence has been invalidated or terminated favorably, whether by direct appeal or some other means. Heck v. Humphrey, 512 U.S. 477, 489 (1994). When "favorable termination" is required, "the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen." Id. at 489.

Heck makes clear that the requirement of invalidation does not apply to all § 1983 claims arising out of a conviction or sentence. "[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. at 487. In this setting, the statute of limitations continues to operate in its normal fashion.[3]

Vickers cites Heck in support of his argument that the statute of limitations did not begin to run until November 30, 2009, the date on which his direct appeal apparently concluded. Heck does not apply to Vickers' situation, however. As this Court explained in Torres v. Fauver:

> The Supreme Court has consistently distinguished between claims that necessarily implicate the fact or duration of confinement (which it has repeatedly held are subject to the favorable termination rule) and claims that relate only to the conditions of incarceration (which it has not suggested are subject to the favorable termination rule). Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). This line of cases instructs, and all but one of the circuit courts to consider the issue have held, that both current and former prisoners can use § 1983 to raise claims relating only to the conditions, and not the fact or duration, of their confinement without satisfying the favorable termination rule.

292 F.3d 141 (3d Cir. 2002) (parallel citations omitted).

---

[3] Unless inconsistent with federal law, state law governs the issue of whether a limitations period should be tolled. Dique, 603 F.3d at 185. In New Jersey, a statute of limitations may be tolled "until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." Dique, 603 F.3d at 185 (internal quotation marks omitted). Here, Vickers' own allegations reveal that he was aware of his claim when his injury occurred in 2008, as he commenced filing grievances with the jail as soon as his sentence began. Vickers has not sought equitable tolling, nor do we discern any basis in the record for it.

Vickers' claims relate only to the conditions of his incarceration, which he served in the county jail rather than in the non-custodial SLAP program. As a result, his claim is not subject to <u>Heck</u>'s favorable termination rule, and the statute of limitations operated without interference from Vickers' direct appeal in state court.

The District Court did not find it necessary to determine whether the statute of limitations began to run on July 14, 2008, the date of Vickers' sentencing, or 103 days later on the date of his release, because in either case more than two years had passed when Vickers filed his original complaint on July 8, 2011. We agree with the District Court that, even choosing the later date, the statute of limitations had expired by the time Vickers filed his complaint.[4]

### III.

There being no substantial question presented on appeal, we will summarily affirm.

---

[4] Even if Vickers' claims triggered <u>Heck</u>'s favorable termination requirement, his complaint was properly dismissed. The November 30, 2009 order of the New Jersey Superior Court merely reinstates his July 14, 2008 conviction, and therefore does not favorably terminate Vickers' conviction. Per <u>Heck</u>, without a favorable termination, a plaintiff challenging his underlying conviction or sentence cannot make a § 1983 claim. The conclusion of Vickers' state court proceedings did not obtain the result required by <u>Heck</u> for a § 1983 claim to accrue.